**NOT FOR PUBLICATION**                          **CLOSED**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| XUE YONG CHEN, | : | Civil Action No. 07-1557 (FSH) |
| | : | Hon. Faith S. Hochberg, U.S.D.J. |
| Petitioner, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| MICHAEL CHERTOFF, *et. al.* | : | July 19, 2007 |
| | : | |
| Respondents. | : | |
| | : | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241, which challenges his continued custody. The Court has considered the written submissions of the parties pursuant to Fed. R. Civ. P. 78.

**I.**  **Background.**

Petitioner is a citizen of the People's Republic of China who attempted to enter the United States on or about February 13, 1992 with a photo substituted passport from Korea. On May 5, 2000, the Immigration Judge ("IJ") rejected Petitioner's claims for asylum and withholding of removal. The IJ found that the Petitioner had filed a frivolous asylum petition and that he had committed fraud in his attempt to enter the United States. Petitioner was ordered removed to China.

Petitioner married Hong Lu, a U.S. citizen, on December 28, 2000; they had a son, Rocky Chen, on October 5, 2001 and another child on or around July 19, 2006.  On October 8, 2002, the Board of Immigration Appeals ("BIA") dismissed petitioner's appeal.  Petitioner appealed the decision to the Second Circuit, which remanded the case to the BIA on January 7, 2004 to reconsider the IJ's adverse credibility finding.[1]  On January 27, 2005, the BIA upheld the adverse credibility determination made by the IJ and dismissed the appeal.  On April 22, 2005, the BIA denied petitioner's motion to reopen the case to allow him to apply for adjustment of status.

Petitioner was taken into custody during a traffic stop on January 9, 2006.  On April 10, 2006, Petitioner filed a second motion to reopen with the BIA.  The BIA denied this motion on June 2, 2006, and the petitioner was approved by the Chinese Consulate for a travel document and scheduled for removal on a charter flight in June 2006.  However, on June 6, 2006, petitioner filed a Petition for Review with the United States Court of Appeals for the Second Circuit and obtained an automatic stay of removal pursuant to Second Circuit policy.

Chen filed this petition for a writ of habeas corpus seeking release from detention on April 5, 2007.  In this petition, Chen claims his continued detention violates his due process rights and that he is entitled to be released on bond pursuant to INA §236, 8 U.S.C. §1226.[2]

---

[1] In the May 5, 2000 decision, the IJ had concluded that Petitioner lacked credibility.

[2] In his Reply to Respondent's Answer, Petitioner also challenges the underlying arrest.  However, Petitioner's claims regarding the merits of his removal are before the Second Circuit, and this Court does not have jurisdiction to address the final removal order pursuant to the REAL ID Act.  *See* Pub. L. No. 109-13, Div. B, 119 Stat. 231.

## II. Discussion.

### A. Petitioner's Continued Detention is Warranted.

As Petitioner acknowledges, he is not subject to a final order of removal because of the Second Circuit's stay of the removal order while his appeal is pending before that Court.[3] This stay prevents the removal order from becoming final.[4] *See* 8 U.S.C. §1231(a)(1)(B)(ii); *Vasquez v. Immigration and Customs Enforcement*, 2005 WL 3481523 at *2 (3d Cir. Dec. 21, 2005) (*citing* 8 U.S.C. §1231(a)(1)(B)(ii)). Because his removal order is not final, Petitioner is challenging his detention pursuant to INA §236, 8 U.S.C. §1226.

In the pre-removal period, the Attorney General may in his discretion continue to detain a non-criminal alien pending a decision on removal. *See* 8 U.S.C. §1226(a). This decision is not subject to judicial review. *See* 8 U.S.C. §1226(e). Immigration officers are granted discretion to release a detained non-criminal alien on bond or conditional parole, provided that the alien

---

[3] Under 8 U.S.C. §1231(a), an alien is not subject to a final order of removal if "the removal order is judicially reviewed and if a court orders a stay of the removal of the alien." In such instances, the removal order does not become final until the "date of the court's final order." *Id.*

[4] The detention, release, and removal of aliens subject to a final order of removal is governed by §241 of the Immigration and Nationality Act ("INA"). 8 U.S.C. §1231. Pursuant to INA §241(a), the Attorney General has 90 days to remove an alien from the United States after an order of removal becomes final. During this "removal period," detention of the alien is mandatory. *Id.* After the 90 day period, if the alien has not been removed and remains in the United States, his detention may be continued for a "reasonable time" or he may be released under the supervision of the Attorney General. *See* 8 U.S.C. §§1231(a)(3) and (6); *Zadvydas v. Davis,* 533 U.S. 678, 700-1 (2001). Indefinite detention is not authorized. *See* 8 U.S.C. §1231(a). In *Zadvydas*, which only applies to final removal orders, the Supreme Court held that the presumptive period during which an alien's detention is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is "no significant likelihood of removal in the reasonably foreseeable future . . . " 533 U.S. at 701.

demonstrates he does not pose a danger to persons or to property and that he will appear for further proceedings.  *See* 8 C.F.R. §236.1(c)(8).  This decision is also discretionary.  *Id.*  Before an order of removal becomes final, Petitioner is also entitled to an individualized custody review by an IJ, who is imbued with the same authority granted to the Attorney General and other immigration officers to allow conditional release or order continued detention.  *See* 8 C.F.R. §236.1(d)(1).

Here, Petitioner received an individualized custody review on August 25, 2006, in which the review panel evaluated Petitioner's file and submissions to consider granting conditional release.  Pursuant to its statutory authority, the ICE elected in its September 7, 2006 decision to continue detention, noting that Petitioner is entitled to review within 90 days of the date that the stay granted by the Second Circuit is lifted or within a year if the stay granted by the Second Circuit has not been lifted by that time.  Therefore, Petitioner's continued detention is valid under INA §236, 8 U.S.C. §1226.

Petitioner also contends that the length of his detention violates his right to due process under the Fifth Amendment.  In *Oyedeji v. Ashcroft*, 332 F. Supp.2d 747, 753-54 (M.D. Pa. 2004), the court noted that the "price for securing a stay of removal should not be continuing incarceration."  The court concluded that the Due Process Clause of the Fifth Amendment requires that an alien should be afforded an opportunity to be heard on the question of conditional release while there is a judicial stay pending judicial review of a final administrative order of removal.  *Id.* at 753-54.  The Third Circuit also has held that "[w]hen detention [of an alien] is prolonged, special care must be exercised so that the confinement does not continue beyond the time when the original justifications for custody are no longer tenable."  *Ngo v. INS*,

192 F.3d 390, 398 (3d Cir. 1999).

Petitioner was entitled to, and received, an individualized custody review. *See Oyedeji*, 332 F. Supp.2d at 752-54.[5] Custody reviews by immigration authorities are governed by 8 C.F.R. §241.4(I) and may be guided by the procedural protections discussed by the Third Circuit in *Ngo v. INS*.[6] Petitioner's custody review was on August 25, 2006. Following the review, the ICE issued a "Decision to Continue Detention" pursuant to 8 C.F.R. §241.4(d), noting that Petitioner's removal appears imminent, that the Chinese consulate had previously approved him for travel documents, and that Petitioner is entitled to further custody reviews as necessary. Having carefully reviewed the record, the Court finds that Petitioner's custody reviews satisfy due process. Therefore, the petition will be denied without prejudice, allowing Petitioner the opportunity to reassert his claims regarding continued detention if necessary in the future. An appropriate order follows.

                                                  **/s/ Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.N.J.

---

[5] In *Oyedeji*, the Middle District of Pennsylvania granted the writ of habeas corpus for a detained alien, holding that the alien's criminal record alone was not enough to justify "rubber stamp" decisions to continue detention. 332 F. Supp. at 754-55. Here, although Petitioner does not have a criminal record, ICE has provided him a meaningful custody review. Moreover, the decision in *Oyedeji* is the minority view among those courts that have confronted similar issues, and authority in the District of New Jersey supports continuing detention. *See, e.g., Joseph v. Dept. of Homeland Sec.*, 2006 WL 1644875, *2 (D.N.J. June 12, 2006).

[6] Although the provisions discussed by the Third Circuit in *Ngo* are no longer in effect, that Court's decision still offers guiding principles by which this Court may interpret the new Regulations. *See Joseph*, 2006 WL 1644875 at *4. The procedural rules considered in *Ngo* are (1) written notice of custody review; (2) the right to representation; (3) the right to an annual personal interview; (4) a written explanation of the custody decision; (5) the opportunity for review of the decision; (6) reviews every six months; and (7) a refusal to presume continued detention based on criminal history. 192 F.3d at 399; *cf.* 8 C.F.R. §241.4(I) (showing minor variations from the *Ngo* procedural standards primarily consisting of subsequent administrative changes).